**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES PAUL WRIGHT,

    Defendant - Appellant.

No. 20-5080
(D.C. Nos. 4:20-CV-00237-GKF-FHM &
4:12-CR-00197-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

On July 7, 2022, this court granted a certificate of appealability (COA) and

ordered supplemental briefing on one issue:  whether attempted Hobbs Act robbery is a

crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).  In response,

the parties have filed a Joint Motion to Remand, asking this court to remand this matter to

the district court for further consideration in light of the Supreme Court's decision in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*United States v. Taylor*, 142 S. Ct. 2015 (2022).  For good cause shown, this motion is granted.

In dismissing Mr. Wright's 28 U.S.C. § 2255 motion and denying him a COA, the district court reasoned that "every circuit court to have considered the issue has concluded an attempted Hobbs Act robbery is a crime of violence under the elements clause."  R. vol. I at 211.  But in *Taylor*, the Supreme Court unequivocally ruled that attempted Hobbs Act robbery is not a crime of violence under the elements clause: "Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."  142 S. Ct. at 2020.  Rather than address in the first instance what *Taylor* means for Mr. Wright's § 2255 motion, we remand his case to the district court for further consideration in light of *Taylor*.

The Clerk shall issue the mandate forthwith.

Entered for the Court
Per Curiam